**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gustavo VILLASENOR–BOTELLO, Defendant—Appellant.**

No. 10–30100.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 8, 2011.

Alexander C. Ekstrom, Assistant U.S., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Gustavo Villasenor–Botello appeals from the 76–month sentence imposed following

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villasenor–Botello contends that the sentence imposed was greater than necessary to accomplish the statutory purposes of sentencing. The record reflects that the district court carefully considered the 18 U.S.C. § 3553(a) sentencing factors before concluding that the circumstances were insufficient to warrant a sentence below the one imposed. Villasenor–Botello's sentence in the middle of the Guidelines range is substantively reasonable under the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008) (en banc).

Villasenor–Botello acknowledges that his contention that the district court erroneously imposed a sentence above the statutory maximum is foreclosed, but raises it to preserve the issue for potential future review. *See United States v. Bolanos–Hernandez,* 492 F.3d 1140, 1148 (9th Cir. 2007).

**AFFIRMED.**